IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-02546-WYD-CBS

MARK ALAN STREPKA,

    Plaintiff(s),

v.

MATTHEW SAILORS; and
MIKE WILLIAMS,

    Defendant(s).

---

**ORDER ADOPTING AND AFFIRMING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

I.    INTRODUCTION

THIS MATTER is before the Court on (1) Plaintiff's Second Summary Judgment Motion, filed February 26, 2007 (docket #66); (2) Defendant Sailors' Motion for Summary Judgment, filed February 28, 2007 (docket #71); and (3) Defendant Williams' Motion for Summary Judgment, filed February 28, 2007 (docket #73).  These motions were referred to Magistrate Judge Shaffer for recommendation by Order of Reference dated March 22, 2006, and various memoranda.

A Recommendation of United States Magistrate Judge was issued on May 2, 2007 ("Recommendation").  The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  Magistrate Judge Shaffer recommends therein that Defendant Sailors' motion for summary judgment be granted

as to Plaintiff's claim for punitive damages, and denied in all other respects. Specifically, Magistrate Judge Shaffer found that issues of fact surrounding whether Sailors' initial detention of Plaintiff was justified precluded summary judgment in Sailors' favor. In addition, Magistrate Judge Shaffer recommended that Defendant Williams' motion for summary judgment be granted and judgment enter in favor of Defendant Williams and against Plaintiff, and that Plaintiff's motion for summary judgment be denied. Recommendation at 18. Magistrate Judge Shaffer advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation. *Id.* at 20-21. On May 14, 2007, Defendant Sailors filed a Limited Objection to Magistrate's Proposed Findings and Recommendation (docket #96). On May 29, 2007, Magistrate Judge Shaffer granted Plaintiff an additional ten days to object to the Recommendation. To date, Plaintiff has not filed any objection to the Magistrate Judge's Recommendation.

II.     BACKGROUND

Plaintiff Mark Alan Strepka, acting *pro se*, commenced this civil action on December 5, 2005. He asserts claims against Defendants Matthew Sailors and Mike Williams pursuant to 42 U.S.C. § 1983, alleging Fourth Amendment violations arising from a traffic stop and subsequent search of his vehicle on December 20, 2003 in Sheridan, Colorado. Both Defendants are officers with the Sheridan Police Department. On the evening of the incident, Defendants accused Plaintiff of speeding and driving under the influence of an alcoholic beverage, arrested him and searched his personal property.

The following facts surrounding the incident are not in dispute. On December 20, 2003, Defendant Sailors was on duty as an officer with the Sheridan Police Department when he observed Plaintiff driving southbound on Lowell Blvd. Recommendation at 3. Sailors followed Plaintiff's car as it turned east and parked on West Milan Avenue. Sailors approached Plaintiff's car and requested Plaintiff produce his driver's license and registration. *Id.* at 4. Plaintiff provided his license and registration after several requests, and Sailors characterized his behavior as "angry and erratic." *Id.* Defendant Williams arrived on the scene, and he and Sailors observed a light odor of alcohol from the vehicle and noticed that Plaintiff's eyes were bloodshot and watery. *Id.* Upon questioning, Plaintiff admitted to having one beer. *Id.* at 5. When Williams shone his flashlight in Plaintiff's face to look for signs of intoxication, Plaintiff reached for Williams' flashlight. At that time, Sailors restrained Plaintiff and conducted a pat-down search during which he discovered a bundle located in an inside jacket pocket. Sailors instructed Plaintiff not to put his hand in the pocket, but Plaintiff pushed Sailors' hand away and reached inside the pocket. *Id.* Plaintiff was then arrested and placed in handcuffs. Sailors discovered eight plastic baggies of what was later identified as crystalline methamphetamine inside Plaintiff's pocket. *Id.* at 5. Plaintiff was subsequently charged with unlawful possession of a controlled substance. *Id.* at 6. The charge was dismissed on February 24, 2005. *Id.*

III.   STANDARD OF REVIEW

When no objections to a Recommendation of United States Magistrate Judge have been filed, I am vested with discretion to review the Recommendation "under any

standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  Although I am not required to do so, I review the portions of the Recommendation to which there are no objection to "satisfy [my]self that there is no clear error on the face of the record."[1]  *See* FED. R. CIV. P. 72(b) Advisory Committee Notes.  Here, no party has objected to the portions of the Recommendation granting Defendant Williams' motion for summary judgment and denying Plaintiff's motion for summary judgment.  Nor has any party objected to the portion of the Recommendation dismissing Plaintiff's claim for punitive damages.  Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record with regard to these portions of the recommendation.  I agree with Magistrate Judge Shaffer's conclusion that Defendant Williams had probable cause to believe that Plaintiff was involved in criminal activity and acted reasonably in arresting Plaintiff and searching his vehicle and, as such, is entitled to qualified immunity in this case.  Recommendation at 10-13.  I also agree with Magistrate Judge Shaffer's conclusion that the record contains no evidence of punitive damages and that Plaintiff's claims for punitive damages should be dismissed.  Recommendation at 13-14.

However, Defendant Sailors filed a timely Objection to the portion of the

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, FED. R. CIV. P. 72(a), which in turn is less than a de novo review, FED. R. CIV. P. 72(b).

Recommendation denying his motion for summary judgment and finding that he is not entitled to qualified immunity at this time because the issue of whether his initial detention of Plaintiff was justified at its inception "is an issue of disputed fact that remains to be determined at a later stage of this litigation." Recommendation at 6-9. The Objection to this portion of the Magistrate Judge's Recommendation necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

IV.   ANALYSIS

I now turn to Sailors' Objection to the portion of the Recommendation denying his motion for summary judgment based on the defense of qualified immunity.

   A.   Legal Standard

      1.   Summary Judgment Standard

Pursuant to rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the ... moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, [the court must] 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atl. Richfield Co. v. Farm Credit Bank of*

*Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'"  *Id.* (quotation omitted).

"When the parties file cross motions for summary judgment, 'we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts.'"  *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  Cross motions for summary judgment must be treated separately – the denial of one does not require the grant of another.  *Buell Cabinet v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) (cited with approval in *Atlantic Richfield*).

      2.     Qualified Immunity

In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Supreme Court held that government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.  *Harlow* places a presumption in favor of immunity of public officials acting in their individual capacities.  *Schalk v. Gallemore*, 906 F.2d 491 (10th Cir. 1990).  Once the defense is raised by a defendant, the burden shifts to the plaintiff to come forward with facts or allegations sufficient to show both "'that the defendant's actions violated a constitutional or statutory right'" and that the right "was clearly established at the time of the defendant's unlawful conduct."  *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001) (quoting *Albright v. Rodriguez*, 51 F.3d 15531, 1534 (10th Cir 1995)).  *See also Workman v.*

*Jordan*, 32 F.3d 457, 479 (10th Cir. 1994); *Mick v. Brewer*, 76 F.3d 1127, 1134 (10th Cir. 1996). In his motion for summary judgment, Sailors contends that he is entitled to qualified immunity because he did not violated Plaintiff's rights under the Fourth Amendment to the United States Constitution.

The constitutionality of a traffic stop is judged under the two-party inquiry announced in *Terry v. Ohio*, 392 U.S. 1, 19-20 (1968). *United States v. Tibbetts*, 396 F.3d 1132, 1136 (10th Cir. 2005). First, the court determines whether the stop was justified at its inception, then it determines whether the officer's actions during the detention were reasonably related in scope to the circumstances which justified the interference in the first place. *Terry*, 392 U.S. at 20; *United States v. Lee*, 73 F.3d 1034, 1038 (10th Cir. 1996). The validity of a traffic stop under the Fourth Amendment turns on whether the officer had an objectively reasonable suspicion that a particular motorist violated "any one of the multitude of applicable traffic and equipment regulations of the jurisdiction." *United States v. Patterson*, 472 F.3d 767, 775 (10th Cir. 2006). "Reasonable suspicion may be based on the officer's personal observation of a traffic violation." *Patterson*, 472 F.3d at 775.

      B.     <u>Sailor's Motion for Summary Judgment</u>

In his motion for summary judgment, Sailors contends that he is entitled to qualified immunity because he did not violate Plaintiff's rights under the Fourth Amendment. In support of his motion, Sailors submitted an Affidavit in which he testified that when he first observed Plaintiff's vehicle the evening in question, he judged it to be "going well over the posted 25 mile per hour speed limit." Sailor's Aff. at

¶ 2. He further testified that he "could tell the vehicle was going over twenty-five miles per hour, based on [his] training and experience in visually estimating the speed of vehicles." *Id.* at ¶ 3. Sailors notes, however, that Plaintiff testified in his deposition that he was traveling exactly 25 miles per hour at the moment he crossed the intersection of South Lowell Blvd. and South Kenyon Blvd. Sailors' acknowledges that there are disputed facts concerning whether Plaintiff was actually speeding, and for purposes of his motion for summary judgment, Sailors' accepts Plaintiff's version of the facts as true.

Sailor contends, however, that even taking the facts in the light most favorable to Plaintiff, his stop was justified because he "mistakenly thought the Plaintiff was traveling at least 26 miles per hour, when Plaintiff's actual speed was 25 miles per hour." Sailors' Mtn. at 10. Sailors notes that the standard is one of objective reasonableness, and his initial stop of Plaintiff's vehicle for speeding, even if based on the mistaken belief that Plaintiff was traveling at least 26 miles per hour, was reasonable under the Fourth Amendment.

In the Recommendation, Magistrate Judge Shaffer noted that Plaintiff's testimony that he was traveling at exactly 25 miles per hour when Sailors observed him was "unequivocal." Recommendation at 8. Magistrate Judge Shaffer also noted that while Sailors contends that he could have mistakenly believed that Plaintiff was traveling at 26 miles per hour "there is no evidence before the court that [Plaintiff] was traveling 26 miles per hour or that Sailors believed that [Plaintiff] was traveling 26 miles per hour." *Id.* at 9. Therefore, Magistrate Judge Shaffer concluded that "[w]hether the

detention of [Plaintiff] was justified at its inception is an issue of disputed fact that remains to be determined at a later stage of this litigation." *Id.*

In his Objection, Sailors correctly notes that whether Plaintiff was actually speeding when Sailors first observed his vehicle is not dispositive. "Law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Cortez v. McCauley*, 478 F.3d 1108, 1120 (10th Cir. 2007). However, to be entitled to immunity, Sailors' must have possessed a reasonable suspicion that Plaintiff was speeding. *Patterson*, 472 F.3d at 775. "Reasonable suspicion may be based on the officer's personal observation of a traffic violation." *Id.* As discussed above, Sailors testified in his affidavit that he "could tell [Plaintiff's] vehicle was going well over the posted 25 mile per hour speed limit . . . based on [his] training and experience in visually estimating the speed of vehicles." Sailors' Aff. at ¶ 2. Sailors also stated in his narrative description of the events that occurred on December 20, 2003, that he "observed a red, small hatchback traveling S/B on S. Lowell Blvd at a visually estimated speed of 50 MPH in the posted 25 MPH zone." Addendum II: Ex to Pls. Mtn (docket #66-3 at p. 2).

Because Sailors raised the defense of qualified immunity in this case, Plaintiff bears the burden of coming forward with facts or allegations sufficient to show that Sailors' actions violated his constitutional rights. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001). Here, Plaintiff testified in his deposition that he was traveling at <u>exactly</u> 25 miles per hour on Lowell Blvd. Strepka Depo. at pp. 72-74. In his Objection, Sailors contends that he "mistakenly thought the Plaintiff was traveling at least 26 miles

per hour," and assuming Plaintiff's actual speed was 25 miles per hour, "it is not unreasonable for an observing police office to mistake 25 miles per hour with at least 26 miles per hour, a difference of only four percent." Objection at 4-6. However, as Magistrate Judge Shaffer noted, there is no evidence in the record that Sailors believed Plaintiff was traveling at 26 miles per hour. Sailors testified that Plaintiff was traveling "well over the posted 25 mile per hour speed limit." Therefore, the issue becomes whether, in light of Plaintiff's unequivocal assertion that he was traveling at exactly 25 miles per hour, Sailors' belief that Plaintiff was traveling "well over the posted 25 mile per hour speed limit," was nevertheless objectively reasonable.

In these circumstances, the speed that Plaintiff was traveling when Sailors first observed him, while not dispositive, is nevertheless relevant to whether Sailors' belief that he was speeding was reasonable. Assuming that Plaintiff was traveling at exactly 25 miles per hour, a reasonable jury could find that Sailors' decision to stop his vehicle based on his mistaken belief that Plaintiff's speed was well over 25 miles per hour was not reasonable. *See Olsen v. Layton Hiss Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) (court may not grant immunity where there are unresolved disputes of historical fact relevant to whether the officer had probable cause); *cf. Cortez*, 478 F.3d at 1120 (where parties agree on the predicate facts, there is no genuine issue of fact regarding whether the officer's conduct was objectively reasonable).

Contrary to Sailors' assertion, this case is distinguishable from those cited in his Objection. In both *United States v. Jenkins*, 452 F.3d 207 (2d Cir. 2006), and *United States v. Cashman*, 216 F.3d 582 (7th Cir. 2000), cases Sailors relies upon, the factual

-10-

circumstances underlying the officer's belief that a traffic violation had occurred were not in dispute. For example, in *Cashman* the officers pulled over Defendants' vehicle based on a belief that the windshield was "excessively cracked" in violation of Wisconsin law. *Cashman*, 216 F.3d at 586. In reality, the crack was not long enough to violate the state statute. *Id.* at 587  However, photographs in the record demonstrated that the crack was "just shy" of violating the statute. *Id.* Therefore, the Court was able to conclude that "[g]iven the evident length of the crack . . . [the office] had probable cause" to stop the vehicle. *Id.*

I also agree with Magistrate Judge Shaffer's conclusion that the facts in this case are distinguishable from the facts in *Valance v. Wisel*, 110 F.3d 1269 (10th Cir. 1997). In *Valance*, the Plaintiff appealed the trial court's entry of summary judgment, and contended that material facts were in dispute concerning whether the officer's original stop of his vehicle was pretextual and the subsequent detention and search were unreasonable under the Fourth and Fourteenth Amendments. *Valance*, 110 F.3d at 1274. In that case, the officer testified that the basis for his initial stop was his observation of the plaintiff's vehicle twice crossing the center line while navigating an "S" curve. *Id.* at 1275. Plaintiff contended that material factual disputes existed surrounding the reasonableness of the stop based on his deposition testimony that he did not "believe" that he actually crossed the center line. *Id.* at 1275-76. The trial court found that the officer's conduct was reasonable, which entitled him to qualified immunity, and the Tenth Circuit affirmed this conclusion on appeal. The Tenth Circuit reasoned that while the issue "is a close one," the plaintiff's "less than definitive

knowledge does not cast sufficient doubt on what the officer reasonably believed at the time." *Id*. at 1276. The court also noted that the plaintiff's "current belief is somewhat inconsistent with the statements he made to Officer Wisel at the time of the stop." *Id*. Here, however, Plaintiff's testimony that he was traveling 25 miles per hour is unequivocal, and stands in sharp contrast to Sailors' testimony that he was traveling "well over" the posted speed limit. Thus, the facts surrounding the reasonableness Sailors' belief that Plaintiff was traveling well in excess of 25 miles per hour are in dispute and, therefore, summary judgment is not appropriate in this case.

V.   CONCLUSION

Accordingly, for the reasons discussed above, it is

ORDERED that the Recommendation of United States Magistrate Judge dated May 2, 2007, is **ADOPTED AND AFFIRMED**. In accordance therewith, it is

FURTHER ORDERED that Plaintiff's Second Summary Judgment Motion, filed February 26, 2007 (docket #66) is **DENIED**. It is

FURTHER ORDERED Defendant Sailors' Motion for Summary Judgment, filed February 28, 2007 (docket #71) is **GRANTED** as to Plaintiff's claim for punitive damages and **DENIED** in all other respects. It is

FURTHER ORDERED that Defendant Williams' Motion for Summary Judgment, filed February 28, 2007 (docket #73) is **GRANTED** and judgment on the Complaint shall enter in favor of Defendant Williams and against Plaintiff with each party to pay his own attorney fees and costs, and Defendant Williams shall be **DISMISSED** from this action.

Dated: July 2, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge